UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDLE MARDIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:16-cv-01009-TWP-DML ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kendle Mardis ("Mardis"). For the reasons explained in this Order, the motion is **denied** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I.  SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. FACTUAL BACKGROUND

On September 17, 2014, Mardis was charged in a three-count multi-defendant Superseding Indictment, *United States v. Perez-Garcia et al.*, No. 1:14-cr-00068-TWP-DKL-5 (hereinafter "Crim. Dkt."), dkt. 90 (S.D. Ind. Sept. 17, 2014). Mardis was charged in count one with conspiracy to possess with intent to distribute and to distribute controlled substances, including 1,000 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846.

On August 31, 2015, with the assistance of counsel, Mardis filed a petition to enter a guilty plea. Crim. Dkt. 224. A plea agreement was docketed on August 26, 2015. Crim. Dkt. 219; Crim. Dkt. 220 (sealed addendum); Crim. Dkt. 221 (stipulated factual basis). The plea agreement, entered pursuant to Fed. R. Crim. P. 11(c)(1)(B), provided that Mardis would plead guilty to count one of the superseding indictment. Crim. Dkt. 219 at 1. The plea agreement explained that Mardis' drug offense under count one is punishable by a sentence of no more than 20 years' imprisonment; a fine of not more than $1,000,000, and a period of supervised release of not less than two years following any term of imprisonment. *Id.*

The parties did not stipulate as to terms of his sentence. Rather, Mardis agreed and stated that he understood that the Court would use its discretion to fashion a sentence within the statutory ranges. *Id.* at 2. He also agreed and understood that the Court would take into account the Sentencing Guidelines in determining the appropriate sentence within the statutory range, but that the Sentencing Guidelines are only advisory in nature, and thus the final determination of the sentence would be made by the Court. *Id.*

Mardis waived his right to appeal or otherwise challenge his conviction or sentence, except that the appellate waiver did not encompass claims that he received ineffective assistance of counsel. *Id.* at 3.

In the plea agreement, Mardis stipulated that he was a career offender within the meaning of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, and as such, his base offense level was 32. *Id.* at 4. The parties also stipulated that he was entitled to a three level reduction pursuant to U.S.S.G. § 3E1.1. *Id.*

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Crim. Dkt. 266. Under U.S.S.G. § 2D1.1, it was determined that Mardis' base offense level was 28. *Id.* ¶ 21. His offense level was increased to 32 because Mardis was a career offender. *Id.* ¶ 27. The prior convictions that qualified as "prior felony convictions" included: (1) a 2006 Ohio felony conviction for trafficking cocaine, Dkt. 01CR5241; (2) a 2006 Ohio felony conviction for aggravated assault, Dkt. 05CR7878; (3) a 2008 Ohio felony conviction for possessing crack cocaine and OxyContin pills, Dkt. 07CR0693. *Id.* ¶¶ 42, 47, 48. His offense level was reduced by three levels under Guideline § 3E1.1 for acceptance of responsibility. *Id.* ¶¶ 28, 29. These adjustments resulted in a total offense level of 29. *Id.* ¶ 30. Mardis' total criminal history score was 16, which established a criminal history category of VI. *Id.* ¶ 49. However, because he was a career offender, his criminal history category was automatically VI. *Id.* ¶ 50. An offense level 29 combined with a criminal history category VI, resulted in a Guidelines range of 151-188 months' imprisonment.

A change of plea and sentencing hearing was held on January 28, 2016, at which Mardis' plea of guilty was accepted. Crim. Dkt. 272. The Court sentenced Mardis to a below Guidelines

sentence of 137 months' imprisonment. Crim. Dkt. 277. Judgment was entered on February 2, 2016. *Id.* Mardis did not appeal his conviction or sentence.

On May 2, 2016, Mardis filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1; Dkt. 2. He supplemented his motion on October 17, 2016, April 17, 2017, September 8, 2017, and March 12, 2018. Dkt. 9; Dkt. 18; Dkt. 19; Dkt. 22; Dkt. 31. The United States has responded in opposition on three occasions. Dkt. 20; Dkt. 29; Dkt. 45. Mardis filed several replies. Dkt. 21; Dkt. 30; Dkt. 50.

### III. DISCUSSION

**A.     Section 2255 Briefing**

The parties have filed numerous briefs in this action. In his initial § 2255 motion, Mardis alleged that his trial counsel was ineffective for: (1) failing to object to alleged inaccuracies in his PSR; and (2) failing to argue that the trial judge abused her discretion by relying on documents that did not conclusively prove the status of his prior state convictions. Dkt. 1 at 4, 7; *see also* Dkt. 2 at 1-9. He also asserted that his prior convictions were not "crimes of violence" under *Johnson*. Dkt. 1 at 5; *see also* Dkt. 2 at 9-33. On October 17, 2016, Mardis supplemented his § 2255 motion to assert a claim that he was incorrectly sentenced as a career offender because his prior 2001 drug conviction did not qualify as a prior predicate controlled substance in view of *Mathis*. Dkt. 9.

On April 17, 2017, Mardis conceded that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) foreclosed his *Johnson* claims. Dkt. 18 at 2. However, Mardis continued to argue that his counsel was ineffective for failing to object to the prior convictions used to establish him as a career offender and increased his criminal history score because he did not actually serve any time for his prior 2002, 2003 and 2005 convictions, as his sentences for

4

those convictions were ordered to run concurrently with his prior 2001 Ohio conviction. *See* Dkt. 18 at 1; Dkt. 19 at 8, 23-38. Under a caption that the district court abused its discretion and committed plain error when it incorrectly sentenced him as a career offender, he also continues to argue that his prior drug convictions do not qualify as predicate controlled substance offenses in view of *Mathis*, *Descamps v. United States*, 570 U.S. 254 (2013), and *Shepard v. United States*, 544 U.S. 13 (2005). Dkt. 19 at 9-23. In response, the United States argues that Mardis stipulated that he was a career offender, his prior convictions remain predicate offenses post-*Mathis*, criminal history points were correctly assigned, and therefore, his counsel did not provide ineffective assistance. Dkt. 20. In reply, Mardis repeats his prior arguments. Dkt. 21. Mardis concedes that his 2006 Ohio conviction for aggravated assault remains a predicate offense. Dkt. 21 at 20.

On September 8, 2017, Mardis supplemented his prior § 2255 motion to raise a claim that his Ohio conviction for aggravated assault did not qualify as a crime of violence in view of *Mathis*. Dkt. 22. In response, the United States argues that Mardis should be bound to his plea agreement and that Ohio aggravated assault remained a crime of violence post-*Mathis*. Dkt. 29. In reply, Mathis emphasized that his claim of ineffective assistance was premised on his trial counsel's failure to apply *Descamps* and that under *Descamps*, his trial counsel should have known his prior convictions were not predicate offenses. Dkt. 30.

On March 12, 2018, Mardis once again supplemented his § 2255 motion to reiterate that his prior drug convictions did not qualify as predicate offenses, that *Descamps* and *Mathis* are retroactive, and that his Fifth Amendment due process right was violated when the district court sentenced him using information that did not bear sufficient indicia of reliability. Dkt. 31. In response, the United States repeats its prior arguments that Mardis is bound to his plea agreement

5

and in any event, remains a career offender. Dkt. 45. In reply, Mardis argues that the United States failed to use documents approved by *Shepard* to establish his prior convictions. Dkt. 50.

Based on the extensive briefing in this case, the Court construes Mardis' claims to be: (1) whether he is a career offender in view of *Mathis* and other relevant precedent; (2) whether his trial counsel was ineffective for failing to object to his designation as a career offender and failing to object to his criminal history score; and (3) whether the trial court abused its discretion by failing to rely on documents approved by *Shepard*.

**B.    Post-*Mathis* Standard for Construing Criminal Statutes**

Mardis' claims are primarily based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Mathis* discusses the appropriate analysis of predicate offenses under the Armed Criminal Career Act ("ACCA"). The career offender enhancement (§ 4B1.1) in the United States Sentencing Guidelines ("U.S.S.G" or "Sentencing Guidelines") contains language similar to the ACCA. The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause. In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court ruled that the residual clause was unconstitutionally vague. In *Mathis*, the Supreme Court discussed the appropriate analysis to use when comparing past convictions to a generic offense listed under the enumerated clause of the ACCA. *Mathis* has been applied by certain courts to construe whether a prior conviction

constitutes a "controlled substance offense" under the Sentencing Guidelines. *See Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016).

When examining if a crime qualifies as a "violent felony" or "serious drug offense," courts apply a categorical approach when the statute underlying the conviction is indivisible. *Mathis*, 136 S. Ct. at 2248. This approach focuses solely on whether the elements of the crime of conviction sufficiently match the elements of the generic offense, i.e., the elements for the crime of conviction are the same as, or narrower than, those of the generic offense. *Mathis*, 136 S. Ct. at 2248. Further, it ignores the particular facts of the case, which are real-world things that are extraneous to the crime's legal requirements. *Id*. "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Id.* The court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

A statute is "divisible" when it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." *Descamps*, 570 U.S. at 257. As the Supreme Court explained in *Descamps*,

> [i]f one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Id. Shepard* instructs that a district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented," or "to some comparable judicial record of this information." *See United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011).

7

The Supreme Court in *Mathis* further instructs that there is a difference between alternative elements of an offense and alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at 2250. Elements must be agreed upon by a jury. *Id.* at 2256. When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense, not an element of the offense. *Id.* "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps*, 570 U.S. at 260.

C. **Waiver of § 2255 Motion**

United States argues that Mardis waived his rights to challenge his conviction and sentence in a § 2255 motion except for his claims of ineffective assistance of counsel. Indeed, Mardis' plea agreement included a specific provision where he agreed:

> not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255. Such appellate waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

Crim. Dkt. 219 at 3.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible

factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). The Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997); *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997); *see also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003); *United States v. Worthen*, 842 F.3d 552, 554-55 (7th Cir. 2016) (appeal waiver in plea agreements is enforceable and precludes appellate review absent the imposition of a sentence that exceeds the statutory maximum for the crime committed so that, because defendant's possible invalid sentence enhancement from the "crime of violence" did not exceed the statutory maximum, his appeal waiver was valid and enforceable).

Here, Mardis does not explicitly argue that his plea was not valid or enforceable. However, he argues that his trial counsel failed to investigate a *Descamps* claim, and that under *Descamps*, his trial counsel should have known his prior convictions were not predicate offenses. Dkt. 30. His trial counsel should have therefore not permitted him to plead guilty as a career offender. Because Mardis appears to argue ineffective assistance with respect to the negotiation of the plea agreement, he is entitled to a decision on the merits of his claims.

**D.  Career Offender Under Sentencing Guidelines**

    1.  <u>Sentencing Guidelines Not Cognizable in § 2255 Motion</u>

Mardis argues that he was improperly designated as a career offender and subjected to an enhanced sentence under the Sentencing Guidelines.

Such a claim is not cognizable in a § 2255 motion. *See Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998) ("errors in the implementation of the Sentencing Guidelines are generally not cognizable under collateral attack."); *Scott v. United States*, 997 F2d 340, 341-42 (7th Cir. 1993) ("[a] claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."). "It is well settled that, absent a fundamental miscarriage of justice, arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Id.* at 563 (quoting *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir. 1996) (*per curiam*)) (internal quotations removed).

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *See Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). "The Seventh Circuit has held that an erroneous determination that a petitioner was a career offender is not a cognizable error under § 2255 after the Guidelines were made advisory." *United States v. Adkins*, 743 F.3d 176, 193 (7th Cir. 2014) (internal citations omitted); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (citing *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013)) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Mardis was sentenced in 2016, long after *Booker* was decided. Moreover, he received a sentence of 137 months' imprisonment that was well below the statutory maximum of twenty years. His sentence of 137 months was also below the advisory Guidelines range of 151-188 months' imprisonment. Mardis contends that his Guidelines range should have been 73-97 months

without the career offender enhancement, however, given the advisory nature of the Guidelines and that his sentence did not exceed the statutory maximum, Mardis cannot demonstrate a miscarriage of justice based on his claim of a miscalculation of his advisory Sentencing Guidelines so as to permit consideration of his claim in a § 2255 motion.

2. Career Offender

Even if Mardis could demonstrate a miscarriage of justice, his claim regarding his sentence as a career offender would require consideration of Sixth Circuit precedent. In order to be classified as a career offender, Mardis must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3). Under the 2015 Guidelines, a crime of violence is defined as any offense, punishable by a term of imprisonment exceeding one year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 (2015).[1] A controlled substance offense is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.*

---

[1] An August 2016 Amendment to the Sentencing Guidelines removed the residual clause from § 4B1.2. Since Mardis was sentenced prior to the amendment, the residual clause still applies to his case. *See* U.S.S.G § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). Although the Supreme Court in *Johnson* held that the ACCA's residual clause was unconstitutionally vague, the Supreme Court in *Beckles* held that "the advisory Guidelines are not subject to vagueness challenges," *Beckles*, 137 S. Ct. at 892 (2017), permitting the application of USSG § 4B1.2(a)'s residual clause.

11

### a. Aggravated Assault

In 2006, Mardis was convicted in Ohio of aggravated assault, in violation of Ohio Rev. Code § 2903.12, in Dkt. 05CR7878. *See* Franklin County, Ohio, Case Information Online, https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/. Ohio aggravated assault remains a crime of violence under § 4B1.1 under Sixth Circuit precedent. *See United States v. Anderson*, 695 F.3d 390, 400-01 (6th Cir. 2012) (ruling that Ohio aggravated assault qualifies as a violent felony under the elements clause even though it lacks "a stand-alone physical force element."); *United States v. Herring*, 683 Fed. Appx. 424, 425-26 (Mar. 22, 2017) (concluding that the defendant's Ohio aggravated assault conviction falls within the Guidelines' crime-of-violence residual clause). *Mathis* does not change the Sixth Circuit's analysis.

### b. Cocaine Trafficking

In 2006, Mardis was convicted in Ohio for trafficking cocaine, in violation of Ohio Rev. Code § 2925.03, in Dkt. 01CR5241. *See* Franklin County, Ohio, Case Information Online, https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/. Mardis concedes that he was convicted for knowingly selling or offering to sell crack cocaine in violation of Ohio Rev. Code § 2925.03(A)(1). The Sixth Circuit has held that a conviction under Ohio Rev. Code § 2925.03(A)(1) categorically qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012). The Supreme Court of Ohio concluded that offers to sell under Ohio Rev. Code § 2925.03(A)(1) did not encompass fraudulent offers to sell, *State v. Cabrales*, 886 N.E.2d 181, 188 (Ohio 2008), so the Sixth Circuit held that a conviction "for an offer to sell is properly considered an attempt to transfer a controlled substance, which is a 'controlled substance offense' under the Guidelines." *Evans,* 699 F.3d at 867. *Mathis* does not change the Sixth Circuit's analysis.

Thus, even if this Court considered the merits of his *Mathis* claim, it appears that Mardis' prior state criminal felony convictions qualify for purposes of § 4B1.1 such that he would remain a career offender post-*Mathis*.

E.  **Ineffective Assistance of Counsel**

Mardis alleges that his trial counsel was ineffective for failing to object to his designation as a career offender and failing to object to the calculation of his criminal history score.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, Mardis must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Mardis must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"It is well settled that, absent a fundamental miscarriage of justice, arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999) (internal quotations and citations removed). "[A]djusting the offense level by two or three steps is exactly the routine decision that is supposed to be handled . . . on direct appeal." *Id.* (internal quotations and citations removed). The Seventh Circuit is "reluctant

to allow prisoners to circumvent the rule against raising Sentencing Guideline arguments in collateral proceedings by recasting their Guidelines arguments as claims of ineffective assistance of counsel." *Id.* Only "Sentencing Guidelines errors of constitutional proportion" that resulted from an ineffective assistance of counsel may be considered. *Id.*

Under the first prong of *Strickland*, Mardis must show that his trial counsel's performance was deficient. However, as the Court previously discussed above, Mardis' prior state criminal felony convictions qualify for purposes of § 4B1.1, so it would have been futile for his trial counsel to object to his designation as a career offender.

Similarly, because Mardis was found to be a career offender, his criminal history category was automatically VI, regardless of the calculation of his criminal history score. *See* Crim. Dkt. 266, ¶ 50. U.S.S.G. § 4B1.1(b) states "[a] career offender's criminal history category in every case under this subsection shall be Category VI." It would have, therefore, been futile for his trial counsel to object to the criminal history score calculation.

Mardis therefore fails to show that his trial counsel's performance was deficient for failing to object to his career offender designation or to the PSR's calculation of his criminal history score. *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome."). An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

**F.** *Shepard* **Documents**

Mardis appears to argue that the trial court abused its discretion by failing to rely on documents approved by the United States Supreme Court in *Shepard v. United States*, 544 U.S. 13

(2005). *Shepard* instructs that a district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented," or "to some comparable judicial record of this information" in classifying a defendant's prior crimes for purposes of federal sentencing. *See United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011); *United States v. Aviles-Solarzano*, 623 F.3d 470, 474 (7th Cir. 2010). However, "a court may accept any undisputed portion of the presentence report as a finding of fact." *Aviles-Solarzano*, 623 F.3d at 475 (internal quotations and citations omitted).

The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003). "A § 2255 petition is not a substitute for direct appeal." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (internal citations omitted). However, constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro,* 538 U.S. at 504. In order to show cause for a procedural default, Mardis must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner is unable to demonstrate both cause and prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice – that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Because Mardis' *Shepard* claim should have been brought on direct appeal, and was not, his claim here is procedurally defaulted. Moreover, Mardis does not demonstrate cause and

prejudice to overcome the default. Even if his claim is not procedurally defaulted, the Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); Fed R. App. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990)).

## IV. CONCLUSION

For the reasons explained in this Order, Mardis is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel, and his sentence was not unconstitutional. Accordingly, his motion for relief pursuant to § 2255 is **DENIED,** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue, and the Clerk shall **docket a copy of this Entry in No. 1:14-cr-00068-TWP-DKL-5.** The motion to vacate (Crim. Dkt. 295) shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mardis has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/12/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENDLE MARDIS
72542-061
MANCHESTER - FCI
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov